UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY C. BURLEY,<br>for herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T CORP., and<br>AT&T COMMUNICATIONS – EAST, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:07-cv-01845<br>)  Judge Paul L. Friedman<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION EXTENDING TIME TO MOVE,
<u>ANSWER OR OTHERWISE RESPOND TO COMPLAINT</u>**

Counsel for Plaintiff Mary C. Burley (the "Named Plaintiff"), and counsel for Defendants AT&T Corp. and AT&T Communications – East, Inc. (collectively "AT&T"), submit this Joint Motion Extending Time To Move, Answer or Otherwise Respond to Complaint and respectfully request that this Court enter the Agreed Order tendered herewith for all of the reasons set forth below:

1. As set forth in more detail below, this case is subject to multidistrict litigation and should be administered in accordance with the provisions of a previously existing multidistrict litigation procedure.

2. Counsel for the Named Plaintiff and counsel for AT&T are aware of the filing in federal courts of the following class action styled lawsuits brought by alleged landowners against AT&T (collectively the "AT&T Fiber Optic Cable Installation Litigation") relating to AT&T's

installation, maintenance and operation of fiber optic cable along railroad, pipeline or other utility corridors:

 Ernest J. Peschell v. AT&T Corporation, et al., Civil Action No. 399-CV-1203 (DJS) (D. Conn.) (filed June 25, 1999);

 Darrell V. Thomson, et al. v. AT&T Corp., et al., Civil Action No. 99-1251-MLB (D. Kan.) (filed June 23, 1999);

 James W. O'Connell and Ruth E. O'Connell, et al. v. AT&T Corp., et al., Civil Action No. 99-C-723 (E.D. Wis.) (filed June 28, 1999);

 Hinshaw v. AT&T Communications, Inc., Civil Action No. IP 98-1300 C H/G (S.D. Ind.) (filed September 18, 1998) (the "Original Hinshaw Action");

 Hinshaw, et al. v. AT&T Corp., et al., Civil Action No. IP99-0549 C T/T (S.D. Ind.) (filed April 21, 1999);

 Frederick W. Healy and R. Ward Healy, et al. v. AT&T Corp., et al., Civil Action No. 99-CV-11622-MLW (D. Mass.) (filed July 30, 1999);

 Forest Nance, et al. v. AT&T Corp., et al., Civil Action No. 8:99-CV-2343 (D. Md.) (filed August 3, 1999);

 Marion R. Taylor, et. al. v. AT&T Corp., et al., Civil Action No. 00-CV-104 (E.D. Pa.) (filed January 7, 2000) (the "Pennsylvania case");

 Doran Ray Dougherty, et al. v. AT&T Corp., et al., Civil Action No. 5:00-CV-27 (N.D. W. Va.) (filed February 22, 2000) (the "West Virginia case");

 Delbert E. Reynolds v. AT&T Corp., et al., Civil Action No. 00-58-P-C (D. Me.) (filed March 4, 2000) (the "Maine case");

 Norton Kale v. AT&T Corp., et al., Civil Action No. 3:00 CV 7174 (N.D. Ohio) (filed March 16, 2000) (the "Ohio case");

 Robert L. Fournie, et al. v. AT&T Corp, et al., Civil Action No. 00-298-DRH (S.D. Ill.) (filed April 17, 2000) (the "Illinois case");

 Lynn C. Mikos v. AT&T Corp., et al., Civil Action No. 3-00CV0808-P (N.D. Tex.) (filed April 8, 2000) (the "Texas case");

 James W. Morgan, et al. v. AT&T Corp., et al., Civil Action No. 4-01-CV-00188 SM (E.D. Ark.) (filed March 29, 2001) (the "Arkansas case");

 Truman Kingsley, et al. v. AT&T Corp., et al., Civil Action No. A3-01-82 (D. N.D.) (filed June 20, 2001) (subsequently dismissed by plaintiffs);

   9-M Corporation v. AT&T Corp., et al., Civil Action No. 01-CV-1338 (D. Minn.) (filed July 24, 2001) (the "Minnesota case");

   Steven Rattee, et al. v. AT&T Corp., et al., Civil Action No. C-1:01-326-B (D. N.H.) (filed August 28, 2001) ("the New Hampshire case");

   Joseph Gadotti, et al. v. AT&T Corp., et al., Civil No. CV' 02-490-AS (D. Or.) (filed April 15, 2002) (the "Oregon case");

   Sparks Cedarlee Farm v. AT&T Corp., et al., Docket No. 1: 02-CV-0267 (W.D. Mich.) (filed April 19, 2002) (the "Michigan case");

   John R. Butler v. AT&T Corp., Civil Action No. 02-275 (D. Del.) (filed April 15, 2002) (the "Delaware case");

   Robert W. Neill v. AT&T Corp., et al., Civil Action No. 4L02CV-87-JAD (N.D. Miss.) (filed April 15, 2002) (the "Mississippi case");

   Gene B. Peterson, et al. v. AT&T Corp. et al., Civil Action No. 02-WM-0731 (CBS) (D. Colo.) (filed April 15, 2002) (the "Colorado case");

   Phillip N. Boreen, et al. v. AT&T Corp., et al., Civil Action No. C02-5315 FDB (W.D. Wash.) (filed June 20, 2002) (the "Washington case");

   Jack Rindlisbacher v. AT&T Corp., et al., Civil Action No. 1:02-CV-00119- QB (D. Utah) (filed September 23, 2002) (the "Utah case");

   Duane Coffey, et al. v. AT&T Corp., et al., Civil Action No. CV 02-0500-S-LMB (D. Idaho) (filed October 28, 2002) (the "Idaho case");

   Hill Pleasant Farm, Inc., et al. v. AT&T Corp., et al., Civil Action No. 4:02cv144 (E.D. Va.) (filed November 25, 2002) (the "Virginia case");

   Timothy Gearity, et al. v. AT&T Corp., et al., Civil Action No. 1:03-CV-18 (D. Vt.) (filed January 16, 2003) (the "Vermont case");

   Lillian Martine, Inc., et al. v. AT&T Corp., et al., Civil Action No. 03-52-B-M3 (M.D. La.) (filed January 21, 2003) (the "Louisiana case");

   Donald R. Wallace, et al. v. AT&T Corp., et al., Civil Action No. 5:03-CV-166-T (W.D. Okla.) (filed February 7, 2003) (the "Oklahoma case");

   A.C. Benton v. AT&T Corp., et al., Civil Action No. C03-3013MWB (N.D. Iowa.) (filed February 10, 2003) (the "Iowa case");

   La Bahia Court, L.L.C. v. AT&T Corp., et al., Civil Action No. 03-1632 (C.D. Cal.) (filed March 7, 2003) (the "California case");

DSMDB-2335525v01

  K&D Investments, L.L.P. v. AT&T Corp., et al., Civil Action No. 6:04-CV-1156-ORL-18J66 (M.D. Fla.) (filed July 30, 2004) (the "Florida case");

  Gary L. Ekers, et al. v. AT&T Corp., et al., Civil Action 0: 05-146 (E.D. Ky.) (filed September 13, 2005) (the "Kentucky case");

  Gwendolyn M. Saulny v. AT&T Corp., et al., Civil Action No. 2:06-cv-2374-SHM-dkv (W.D. Tenn.) (filed June 16, 2006) (the "Tennessee case");

  William G. Yedinak, et al. v. AT&T Corp., et al., Civil Action No. 2:07-cv-00093-ABJ (D. Wy.) (filed May 3, 2007) (the "Wyoming case");

  Barbara Viestenz et al. v. AT&T Corp., et al., Civil Action No. 3:07-cv-00052-RRE (D. N.D.) (filed May 4, 2007) (the "North Dakota case");

  Janet Amunrud and Home on the Range v. AT&T Corp., et al., Civil Action No. 1:07-cv-00068-RFC (D. Mont.) (filed May 11, 2007) (the "Montana case");

  William Martin and Priscilla Martin v. AT&T Corp., et al., Civil Action No. 07-1546 (E.D.Mo.) (filed September 6, 2007) (the "Missouri case");

  Anthony J. Brosco and Angela Brosco v. AT&T Corp., et al., Civil Action No. 07-348 S (D. R.I.) (filed September 13, 2007) (the "Rhode Island case"); and

  Carl Denetelli v. AT&T Corp., et al., Civil Action No. 4:07-cv-03228 (D. N.E.) (filed September 20, 2007) (the "Nebraska case").

3. All of these actions were filed by the same lead plaintiffs' counsel.

4. The Original Hinshaw Action was filed in Indiana state court on November 6, 1996. On August 21, 1998, the state court conditionally certified a nationwide class and approved the filing of a nationwide class complaint. And on September 18, 1998, AT&T removed the Original Hinshaw Action to the United States District Court for the Southern District of Indiana, Indianapolis Division, where it is presently pending.

5. On December 7, 1999, in MDL Docket No. 1313, In Re: AT&T Fiber Optic Cable Installation Litigation, the Judicial Panel on Multidistrict Litigation ("MDL") entered a Transfer Order transferring all of the then pending cases to the Southern District of Indiana for pre-trial proceedings (a copy of that order is attached hereto as "Attachment 1") and these MDL

cases are now collectively docketed as 1:99-ml-9313-DFH-TAB in the Southern District of Indiana, (the "MDL Transferee Court").

6.  On March 2, 2000, the Judicial Panel transferred the Pennsylvania case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

7.  On April 13, 2000, the Judicial Panel transferred the Maine and West Virginia cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

8.  On June 6, 2000, the Judicial Panel transferred the Ohio, Illinois and Texas cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

9.  On May 4, 2001, the Judicial Panel transferred the Arkansas case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

10. On October 22, 2001, the Judicial Panel transferred the New Hampshire case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

11. On November 26, 2001, the Judicial Panel transferred the Minnesota case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

12. On July 1, 2002, the Judicial Panel transferred the Colorado, Delaware, Michigan, Mississippi and Oregon cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

13.    On August 29, 2002, the Judicial Panel transferred the Washington case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

14.    On March 1, 2003, the Judicial Panel transferred the Idaho and Virginia cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

15.    On April 13, 2003, the Judicial Panel transferred the Vermont, Louisiana, and Oklahoma cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

16.    On May 13, 2003, the Judicial Panel transferred the Iowa and California cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

17.    On October 25, 2004, the Judicial Panel transferred the Florida case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

18.    On January 5, 2006, the Judicial Panel transferred the Kentucky case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

19.    On or about September 1, 2006, the Judicial Panel transferred the Tennessee case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

20. On or about June 4, 2007, the Judicial Panel transferred the Montana, North Dakota and Wyoming cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

21. On October 10, 2007 the Judical Panel transferred the Missouri and Rhode Island cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and cooridantion with other cases in the MDL. (A copy of that order is attached hereto as "Attachment 2.")

22. The parties have agreed that the Nebraska case should be transferred to the Southern District of Indiana as a "tag-along" case in the MDL for pre-trial proceedings and coordination with the other cases in the MDL, and the Judicial Panel has been so notified.

23. The parties agree that the District of Columbia case should also be transferred to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL, and the Judicial Panel has been so notified.

24. For administrative convenience, and without prejudice to any and all defenses available to any and all of the defendants in the AT&T Fiber Optic Cable Installation Litigation, the parties agree and hereby respectfully move the Court for entry of its Order establishing that the time limit for defendants to move, answer or otherwise respond to the Complaint filed in <u>Mary C. Burley v. AT&T Corp., et al.</u>, Case: 1:07-cv-01845 (D. D.C.) (filed October 12, 2007) should be extended *sine die* while the parties attempt to finalize settlement of this case before the MDL Transferee Court, or in the event the tag-along request is denied, 30 days after the Judicial Panel on Multidistrict Litigation has entered its Order.

Respectfully submitted,

**KOONZ, MCKENNEY, JOHNSON, DEPAOLIS & LIGHTFOOT, L.L.P.**

By: /s/ Roger C. Johnson
    Roger C. Johnson (D.C. Bar No. 940577)
    Andrew W. Cohen (D.C. Bar No. 441149)
    2001 Pennsylvania Avenue, NW, Suite 450
    Washington, D.C. 20006
    Telephone: (202) 659-5500
    Facsimile: (202) 785-3719

Attorney for Plaintiff

and

Plaintiffs' Of Counsel:

| | |
|---|---|
| Daniel J. Millea, Esq. | Nels Ackerson, Esq. |
| **ZELLE, HOFMANN, VOELBEL, MASON & GETTE, LLP** | **ACKERSON, KAUFMANN & FEX, P.C.** |
| 500 Washington Avenue South | 1250 H Street, NW |
| Suite 4000 | Suite 850 |
| Minneapolis, MN 55415 | Washington, DC 20005-3952 |
| Telephone: (612) 339-2020 | Telephone: (202) 833-8833 |
| Facsimile: (612) 336-9100 | Facsimile: (202) 833-8831 |

Henry J. Price, Esq.
**PRICE, WAICUKAUSKI & RILEY, LLC**
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-8787
Facsimile: (317) 633-8797

**DICKSTEIN SHAPIRO LLP**

By: /s/ Howard N. Feldman
Howard N. Feldman (D.C. Bar No. 383798)
1825 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Attorney for Defendants

and

AT&T's Of Counsel:

B. Haven Walling, Jr., Esq.
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Emily Barbour, Esq.
**AT&T CORP.**
One AT&T Way
Room 3A208
Bedminster, NJ 07921
Telephone: (908) 234-6166
Facsimile: (908) 532-1217

William P. Wooden, Esq.
James M. Boyers, Esq.
**WOODEN & McLAUGHLIN, LLP**
One Indiana Square
Suite 1800
Indianapolis, IN 46204
Telephone (317) 639-6151
Facsimile: (317) 639-6444

DEC -7 [...]

FILED
CLERK'S OFFICE

DOCKET NO. 1313

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE AT&T FIBER OPTIC CABLE INSTALLATION LITIGATION

BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN,* JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of the seven actions listed on the attached Schedule A and pending in six districts as follows: two actions in the Southern District of Indiana and one action each in the District of Connecticut, District of Kansas, District of Maryland, District of Massachusetts, and Eastern District of Wisconsin. Before the Panel is an unopposed, joint motion, pursuant to 28 U.S.C. §1407, for centralization of all actions for coordinated or consolidated pretrial proceedings in the Southern District of Indiana. Movants are defendants AT&T Corporation and AT&T Communications, Inc. (collectively AT&T), the only defendants named in these actions, and all named plaintiffs.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions all relate to AT&T's installation of fiber optic cable on railroad, pipeline, and other utility corridors that adjoin the named plaintiffs' property. The complaints raise common questions of fact and law, including whether AT&T had sufficient rights to install, maintain, and use its underground fiber optic cable along the corridors without the named plaintiffs' consent. Centralization under Section 1407 is thus necessary in order to 1) avoid conflicting discovery orders and duplicative discovery, 2) prevent inconsistent pretrial rulings, especially with respect to overlapping class certification requests, and 3) conserve the resources of the parties, their counsel, and the judiciary.

---

* Judge Keenan took no part in the decision of this matter.

- 2 -

We are persuaded that the Southern District of Indiana is the appropriate transferee forum for this litigation. We note that all parties seek centralization in that district and the judge assigned to the Indiana actions has already developed a familiarity with the issues in the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Southern District of Indiana be, and the same hereby are, transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable David F. Hamilton for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

## SCHEDULE A

### MDL-1313 -- In re AT&T Corp. Fiber Optic Cable Installation Litigation

#### District of Connecticut

*Ernest J. Peschell v. AT&T Corp., et al.*, C.A. No. 3:99-1203

#### Southern District of Indiana

*Vera J. Hinshaw, et al. v. AT&T Corp., et al.*, C.A. No. 1:98-1300
*Vera J. Hinshaw, et al. v. AT&T Corp., et al.*, C.A. No. 1:99-549

#### District of Kansas

*Darrell V. Thomson v. AT&T Corp., et al.*, C.A. No. 6:99-1251

#### District of Massachusetts

*Frederick W. Healy, et al. v. AT&T Corp., et al.*, C.A. No. 1:99-11622

#### District of Maryland

*Forest Nance v. AT&T Corp., et al.*, C.A. No. 8:99-2343

#### Eastern District of Wisconsin

*James W. O'Connell, et al. v. AT&T Corp., et al.*, C.A. No. 2:99-723

*United States District Court*
*Southern District of Indiana*
Laura A. Briggs
Clerk of the Court

RECEIVED BY MAIL
OCT 15 2007
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

*105 U.S. Courthouse*
*46 East Ohio Street*
*Indianapolis, Indiana*
*46204*

*101 Northwest MLK Boulevard*
*Evansville, Indiana*
*47708*

*210 Federal Building*
*Terre Haute, Indiana*
*47808*

*121 West Spring Street*
*New Albany, Indiana*
*47150*

October 11, 2007

Clerk, United States District Court
Eastern District of Missouri
3.300 Thos. F. Eagleton U. S. Courthouse
111 South Tenth Street
St. Louis, MO 63102-1116

RE:   AT&T Corp. Fiber Optic Installation Litigation
      MDL -1313
      *William Martin v. AT&T Corp, et al.*
      Our Cause No. 1:07-cv-7021-DFH-TAB
      Your Cause No. 4:07-1564    CEJ

Dear Clerk,

The Clerk of Court for the Southern District has filed on October 10, 2007, a Conditional Transfer Order dated October 5, 2007, regarding the above-referenced litigation from the Judicial Panel of Multidistrict Litigation. A certified copy is attached. Please use the enclosed postage paid envelope and copy of this letter to acknowledge receipt of this transfer order.

The purpose of this letter is to request that you send us the case which is currently in your District and that you assist our intake section in managing the incoming case by noting our Civil Action Number in your cover letter. Please enclose a certified copy of the docket sheet and a copy of the transmittal order along with any original, manually filed documents, if applicable.

To further assist Judge Hamilton, we ask that you provide us with a list of any pending motions in your case. Please attach your list to your transfer letter.

If you have any questions in the matter, please contact Mr. Charles Bruess, Courtroom Deputy, at (317) 229-3724 or Linda Carmichael, Case Administrator, at (317) 229-3919.  Thank you for your cooperation.

Very truly yours,

Laura A. Briggs, Clerk

By: *Linda S Carmichael*

Linda S. Carmichael, Deputy Clerk

cc:   The Honorable David F. Hamilton

Michael J. Beck, Clerk
Judicial Panel on MDL
Thurgood Marshall Federal Judicial Building
Room G-255, North Lobby
One Columbus Circle, NE
Washington, DC 20002-8004



A CERTIFIED TRUE COPY

OCT - 5 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 19 2007

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AT&T CORP. FIBER OPTIC CABLE
INSTALLATION LITIGATION
William Martin, et al. v. AT&T Corp., et al., )
E.D. Missouri, C.A. No. 4:07-1564 )        MDL No. 1313
Anthony J. Brosco, et al. v. AT&T Corp., et al., )
D. Rhode Island, C.A. No. 1:07-348 )

## CONDITIONAL TRANSFER ORDER (CTO-18)

On December 7, 1999, the Panel transferred five civil actions to the United States District Court for the Southern District of Indiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 31 additional actions have been transferred to the Southern District of Indiana. With the consent of that court, all such actions have been assigned to the Honorable David F. Hamilton.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of Indiana and assigned to Judge Hamilton.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of Indiana for the reasons stated in the order of December 7, 1999, and, with the consent of that court, assigned to the Honorable David F. Hamilton.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of Indiana. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

OCT - 5 2007

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARY C. BURLEY,<br>for herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T CORP., and<br>AT&T COMMUNICATIONS – EAST, INC.,<br><br>Defendants. | Civil Action No. 1:07-cv-01845<br>Judge Paul L. Friedman |

**ORDER**

Pursuant to the Joint Motion of Plaintiff Mary C. Burley, and Defendants AT&T Corp. and AT&T Communications – East, Inc. ("AT&T"), through counsel, to Extend the Time for AT&T to Move, Answer or Otherwise Respond to the Complaint, and the Court having considered the Joint Motion and being otherwise duly and sufficiently advised;

IT IS HEREBY ORDERED AS FOLLOWS:

1.  The time limit for AT&T to move, answer or otherwise respond to the original Complaint shall be extended *sine die* while the parties attempt to finalize settlement of this case before the MDL Transferee Court (the United States District Court for the Southern District of Indiana), or in the event the tag-along request is denied, 30 days after the Judicial Panel on Multidistrict Litigation has entered its Order.

2.  Plaintiff's time to effect proper service on AT&T shall be extended until 30 days after the Judicial Panel on Multidistrict Litigation has entered an order in connection with the

DSMDB-2335513v01

tag-along request.  B. Haven Walling, Jr. Esq. or Howard N. Feldman, Esq. will accept service in this action on behalf of AT&T.

Dated this ___ day of _____, 2007.

_____

JUDGE, UNITED STATES DISTRICT COURT

DSMDB-2335513v01

Distribution:

| | |
|---|---|
| Nels Ackerson<br>ACKERSON KAUFFMAN FEX, P.C.<br>nackerson@ackersonlaw.com | James M. Boyers<br>WOODEN & MCLAUGHLIN, LLP<br>jboyers@woodmaclaw.com |
| Howard N. Feldman<br>DICKSTEIN SHAPIRO LLP<br>feldmanh@dicksteinshapiro.com | Roger C. Johnson<br>KOONZ MCKENNEY JOHNSON DEPAOLIS &<br>LIGHTFOOT<br>rjohnson@koonz.com |
| Susan Littell<br>DICKSTEIN SHAPIRO LLP<br>littells@dicksteinshapiro.com | John B. Massopust<br>ZELLE HOFMANN VOELBEL MASON<br>& GETTE, LLP<br>jmassopust@zelle.com |
| Daniel J. Millea<br>ZELLE HOFMANN VOELBEL MASON<br>& GETTE, LLP<br>dmillea@zelle.com | Andrew W. Cohen<br>KOONZ MCKENNEY JOHNSON DEPAOLIS &<br>LIGHTFOOT<br>acohen@koonz.com |
| Nicholas C. Nizamoff<br>STUART & BRANIGIN<br>ncn@stuartlaw.com | Henry J. Price<br>PRICE, WAICUKAUSKI & RILEY, LLC<br>hprice@price-law.com |
| B. Haven Walling, Jr.<br>DICKSTEIN SHAPIRO LLP<br>wallingb@dicksteinshapiro.com | Nancy Winkelman<br>SCHNADER HARRISON SEGAL & LEWIS LLP<br>nwinkelman@schnader.com |
| William P. Wooden<br>WOODEN & MCLAUGHLIN, LLP<br>wwooden@woodmaclaw.com | Robert J. Higgins<br>DICKSTEIN SHAPIRO LLP<br>higginsr@dicksteinshapiro.com |